## WILLIAM R. JACKSON *v.* DAVID P. WHEDON.

An objection that the plaintiff is not the real party in interest, must be set up in the answer.

On the trial, the defendant, in cross-examining a witness, offered to prove that a third person was the real party in interest, and the plaintiff, after the court had decided that the evidence was proper, admitted the interest of such third person. *Held,* that the admission was of no more effect than if the witness had so testified, after the plaintiff's objection, and that it would not supply the defendant's omission to state such defence in his answer.

Where, in an action for rent, the lease is admitted by the defendant to have been made with the plaintiff, as his landlord, the defendant cannot deny his landlord's title, and resist a recovery on the ground that a third person is the real owner.

The provisions of the revised statutes, (title 4, "Of courts held by justices of the peace," chap. 2, part 3, vol. 2, pp. 225 to 274,) do not apply to courts in this city. The laws governing the district or justice's courts in the city of New York, are in 2 revised laws, 1813. And see laws of 1831, chap. 300, §§ 29 and onward. (2 R. S., 4th ed., p. 229, marg. p. 51.)

The section of the act, (2 R. L., 1813,) providing for security in these courts in case of non resident plaintiffs, applies also to the marine court; and by § 32 of the act of 1831, is made to relate to a short summons, issued instead of a warrant of arrest.

The security being simply given, and received by the marine or a justice's court, confers jurisdiction, in a suit by non resident plaintiffs. The surety is not required to be a resident, and his qualifications are not prescribed. He may be examined or not, at the option of the court; but it is not necessary that he should be sworn.

Whether the court could relieve the surety first given, by ordering new security; *doubted.*

THE defendant was sued in the marine court, by a short summons, issued upon filing a bond, with proof that the plaintiff was a non resident of the city and county of New York. The defendant appeared on the return day and excepted to the security filed, on the ground that the surety in the bond resided in Kings county, was not a freeholder in the city of New York, and had not justified. The plaintiff then offered to file additional security, which was objected to ; but after an hour's intermission, a new bond was filed, with a resident surety, who was sworn and justified.

The defendant objected to further proceedings, and insisted that the court had not obtained jurisdiction when the summons was issued.

The plaintiff complained generally for rent due, for a specified time. The answer denied the hiring or occupation of the premises; and alleged that if the defendant did occupy them, it was by virtue of a lease, the term and conditions whereof "had expired before this action was brought;" that he had surrendered and the plaintiff taken possession of the premises before the time for which rent was claimed; that the premises had become untenantable; and that money was due from the plaintiff to the defendant for repairs which the former had agreed to make.

On these issues, the court below found in favor of the plaintiff, and gave judgment, from which the defendant appealed.

On the cross examination of one of plaintiff's witnesses, the defendant's counsel asked a question with the avowed purpose of showing that the witness himself, and not the plaintiff, was the owner of the premises, and entitled to the rent, if any were due. The plaintiff objected; the objection was overruled, and the plaintiff "then admitted the interest of the witness;" but, by consent of the defendant, all his testimony, in chief and on cross examination, was struck out. By an amendment to the return, however, with consent of parties, the evidence of the witness was allowed to come before the appellate court.

*J. J. Radcliff*, for appellant.

*N. B. La Bau*, for respondent.

BY THE COURT. INGRAHAM, FIRST J.—The defendant has no right now to avail himself of the objection, that the plaintiff was not the real party in interest. He should have raised that point in his answer, if he intended to rely upon it. By his answer he set up, as a defence, that he never hired or occupied the premises, and if he did occupy them, he had surrendered

Jackson v. Whedon.

the premises to the plaintiff, who had possession since, and that the premises were untenantable.   After making these issues, he has no right, upon the trial, to set up as a defence, that a third person was the real plaintiff.

It may be said that the plaintiff admitted that Blake was the real party in interest, and, therefore, he is concluded by his own admission ; but this admission was made after the court had decided that it was a legitimate inquiry on the part of the defence.   The admission was merely to save the examination of the witness, and is nothing more than if the witness had so testified after the plaintiff's objection.

The action was for rent.   The agreement was admitted, by the defendant, to have been made with the plaintiff, as his landlord, and he is not permitted to deny his landlord's title. It was not necessary to prove an actual occupation, but if necessary, it was fully made out by the conversation proven to have taken place with the defendant, and on this point the court below has found against the defendant, which is conclusive.

The remaining ground of appeal is in regard to the security given before the issuing of the summons.

Both parties have argued this point, on the supposition that the provisions of the revised statutes, relating to justice's courts, apply to this city.(a)   By a section at the end of that title, it is expressly provided that that title shall not apply to the courts in New York.   The laws governing these courts will be found in the 2d R. Laws of 1813.(b)

By the 90th section of that act, provision is made for the security in the case of non resident plaintiffs.   The act does not require the surety to be a resident, nor does it prescribe his qualifications.

This section is applied to the marine court, by section 112.

---

(a) NOTE BY REPORTER.—These provisions are in 2 R. S., title 4, "Of courts held by justices of the peace," chap. 2, part 3, pp. 225 to 274.

(b) NOTE BY REPORTER.—Pages 370 to 399 ; and see laws of 1831, chap. 300, § 29 and onward.   (2 R. S., 4th ed., p. 229, marg. p. 51.)

In the 120th section, the court may examine the surety or not, but he is not required to be sworn, as necessary to give jurisdiction.

By the 32d section of the act to abolish imprisonment, &c., these proceedings are applied to the summons instead of a warrant, but nothing requires any particular qualification from the surety, as necessary to give jurisdiction. From these references, it is apparent that the court obtained jurisdiction by the security given, and having once obtained jurisdiction, the subsequent order in regard to the additional security did not affect it. I think it more doubtful whether the court could relieve the first surety by ordering other security to be filed.

The judgment below should be affirmed.